## Edward Shaw, Tutor, v. M. C. Reneau.

Plaintiff, as tutor of his minor children, claimed a specific amount of property by inheritance from defendant's deceased spouse, and sequestered it. Defendant set up a claim for his marital portion, which was ruled out on the ground, that his wife's succession had not been settled. But there being no allegation nor proof, that the estate was involved, or that it needed the appointment of an administrator, or that it was in process of settlement. *Held :* The District Court should have allowed defendant to substantiate his claim.

APPEAL from the District Court of the Parish of Carroll, *Snyder,* J. *Selby,* for plaintiff:

The exception by plaintiff was properly sustained by the court *a quo.* The defendant, himself, in his answer claiming the marital portion, shows that the succession of his deceased wife, has not been liquidated. 8 An. 488. 9 R. R. 101. 17 L. R. 374. C. C. 2359.

The defendant's rule (p. 16) was filed after the judgment in the cause had been signed and was final. So that then, there was no suit pending to sustain it. 8 An. 11. 5 An. 349. 4 An. 187. 3 An. 207 and 434.

*Dubose,* for defendant and appellant, cited 17 La. 376. 5 An. 159. 3 N. S. 1 and 5.

Voorhies, J. The plaintiff, as tutor of his minor children, *William J. Shaw* and *Matilda Shaw,* instituted the present suit against the defendant, surviving husband of *Martha A. Powell,* deceased, for the purpose of recovering two slaves and some personal property which they held by inheritance from the estate of the said *Martha A. Powell,* their deceased half sister. The defendant admits the heirship of the plaintiff, but avers that he is entitled to the marital portion in the succession of his deceased wife, inasmuch as she died rich, leaving him in necessitous circumstances. He further alleges that, besides the abovementioned property, there is a large amount of real and personal property belonging to the estate of said *Martha A. Powell,* deceased, all of which is in the hands of *Edward Shaw,* individually.

An exception was filed by the plaintiff to the defendant's demand for the marital portion, on the ground that it was premature, the estate of his deceased spouse not having been liquidated and finally settled; which exception was sustained by the court below. There was judgment in favor of the plaintiff as prayed for in his petition, reserving the defendant's right to the marital portion, and the latter appealed.

Shaw
v.
Reneau.

It is insisted upon by the plaintiff and appellee, in support of the judgment of the District Court, that the ruling on the exception was in accordance with the interpretation of Article 2359 of the Civil Code, in the following cases : *Harrell* v. *Harrell et al.*, 17 L. R. 376 ; *Durian* v. *Durian et al.*, 9 R. R. 102 ; and *Vasseur* v. *Dupré*, 8 An. 488, in which the principle is recognized, that the marital fourth cannot be claimed before the liquidation and final settlement of the estate of the deceased spouse. We still adhere to the rule laid down in those cases; but it is proper to notice, that ·in every one of them, the estate was in process of liquidation and settlement, and more particularly in the case of *Vasseur* v. *Dupré, administrator*, where the marital portion was claimed against the curator of the estate, without making the heirs parties to the suit. We adhere more particularly to the ruling in the case of *Durian* v. *Durian*, in which the court said : " This right the plaintiff already had under Article 2359 of the Civil Code; but to exercise it effectually, he must show the specific amount of the succession of which he claims one-fourth, either by exhibiting a regular settlement and liquidation of the estate, or by proving that her heirs have received a specific amount of money or property belonging to the same, which they detain, without making such settlement or liquidation." How stands the case at bar ? The plaintiffs claim a specific amount of property by inheritance from the defendant's deceased spouse, and have taken possession of thr same, after having it sequestered. The defendant admits the existence of all the rights set up by them, but makes a reservation as regards the marital portion. There is no allegation, nor is there any proof, that *Martha Ann Powell's* estate, is involved in debt or needs the appointment of an administrator, or is in process of settlement and liquidation; whilst, on the other hand, a specific amount of property is shown to be in the plaintiff's hands, and which they detain without any apparent intention of proceeding to a settlement and liquidation of the estate. The District Court therefore erred in ruling out the defendant's demand, whom he should have allowed to substantiate his claim as set forth in his answer.

It is therefore ordered and decreed, that the judgment of the District Court be avoided and reversed, and the case remanded for further proceedings according to this decision. The costs of appeal to be borne by the plaintiff.